# BROWN *a.* THE SOUTHERN MICHIGAN RAILROAD COMPANY.

*Supreme Court, First District; Special Term, January,* 1858.

DEFINITENESS AND CERTAINTY.—CONSIDERATION OF NOTES.

A complaint on several promissory notes, only one of which is due, but payment of all which is claimed under an agreement in writing made contemporaneously with the notes, that in case of any default in the payment of the notes the whole amount should forthwith become due and payable, is sufficiently definite and certain, if it alleges the making of the notes in consideration of an indebtedness in their amount, and the making of the agreement, without stating when, where, or how the indebtedness arose.

The indefiniteness and uncertainty to be relieved on motion, is only such as appears on the face of the pleading.

Motion that complaint be made more definite and certain.

The action was against the defendants as makers of several promissory notes, amounting in all to two hundred thousand dollars.

The complaint alleged that on a day named the defendants were indebted to the plaintiffs in that sum, and to secure the payment of it they agreed to deliver, and did deliver, to the plaintiffs their promissory notes, describing them. It further stated an agreement, made at the time, that in case of default in any of the notes the whole should, at the option of the plaintiffs, become payable; and alleged that default had been made.

The defendants moved that the complaint be made more definite and certain; among other respects, in regard to the consideration of the notes.

SUTHERLAND, J.—I think this action is on the indebtedness alleged in the complaint, and not on the notes alleged to have been delivered by the defendants to the plaintiffs to secure the payment of such indebtedness; copies of which notes the complaint purports to contain, so far as they remain unpaid.

Where there is no written acknowledgment of, or promise to pay, the debt, or record, or specialty, a mere allegation of the indebtedness is not sufficient; but it is necessary to state in addition such facts as the plaintiff will have to prove to show the indebtedness, in case it should be denied.

In this case, the complaint alleges that on a certain day the defendants were indebted to the plaintiffs in the sum of two hundred thousand dollars, and that to secure the payment of that sum and the interest thereon, the defendants agreed to deliver, and did deliver, to the plaintiffs certain promissory notes, without stating the consideration of such indebtedness, or when, where, or how the defendants became so indebted; but as the complaint does allege that at the time the defendants so agreed to deliver the notes, the parties agreed in writing, " that in case of any default in the payment of any of said notes, at any time when the same may become due and payable, the whole amount of said sum of two hundred thousand dollars and interest, then remaining unpaid, should forthwith, at option of the said plaintiffs, become at once due and payable," I think the complaint

is sufficiently definite and certain, in this particular, without stating the consideration or origin of the indebtedness—the defendants, if they entered into such an agreement in writing, thereby not only acknowledging the debt, but agreeing that it should become due and payable on a certain contingency.

As to the other particulars, in which the defendants insist the complaint should be more definite and certain, I think their allegations of uncertainty are founded on facts or supposed facts *aliunde* the complaint. I do not discover on the face of the complaint any uncertainty which can prejudice them.

The motion for an order requiring the plaintiffs to make their complaint more definite and certain must be denied, with ten dollars costs.